Matter of Bland (2025 NY Slip Op 02646)

Matter of Bland

2025 NY Slip Op 02646

Decided on May 01, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber Justice Presiding
Barbara R. Kapnick Lizbeth González John R. Higgitt LlinÉt M. Rosado
Justices.

Motion No. 2025-00038|Case No. 2024-06537|

[*1]In the Matter of Lamon Darrell Bland an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lamon Darrell Bland (OCA Atty Reg. 4752184), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Lamon Darrell Bland, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 15, 2009.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Gillian C. Gamberdell, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Lamon Darrell Bland, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 15, 2009.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Gillian C. Gamberdell, of counsel), for petitioner
Respondent, pro se.
Motion No. 2025-00038 — February 18, 2025
In the Matter of Lamon Darrell Bland, an attorney
Per Curiam
Respondent Lamon D. Bland was admitted to the practice of law in the State of New York by the First Judicial Department on September 15, 2009, under the name Lamon Darrell Bland. Respondent maintains a registered address in the First Judicial Department.
On March 5, 2024, the Attorney Grievance Committee (AGC) received a complaint from V.N., respondent's former residential landlord, alleging that she had obtained two default judgments against respondent based on his nonpayment of rent. The first judgment was for possession of the leased premises, and the second was a monetary judgment for $238,422.51. On April 10, 2024, the AGC directed respondent to respond to the complaint. In lieu of a signed answer, respondent emailed the AGC on April 30, 2024, and alleged that he "never received notice to appear and/or any communication from the court related to an eviction" and "still [had] not received communication about the final order from the court." On May 9, 2024, V.N. disputed respondent's answer.
In his April 30, 2024 email, respondent stated his intent to file an appeal in a Criminal Court matter identified by docket number only. Respondent did not report to the AGC, as required by Judiciary Law § 90(4)(c) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(a), that he was convicted in March 2019, after trial, for stalking in the fourth degree (Penal Law § 120.45[1],[3]), a class B misdemeanor, and harassment in the second degree (Penal Law § 240.26[3]), a violation. Respondent never reported that he was sentenced to a conditional discharge with one-year probation.
In July of 2024, respondent claimed that information regarding V.N.'s pending civil case and his criminal conviction was unavailable because "courts and agencies" refused to provide him with documents to which he was entitled. Respondent declined to respond to the AGC's request for a supplemental statement regarding his conviction and the names of the court and agency allegedly withholding information from him. The AGC gave respondent additional time to respond and advised him that it would seek a judicial subpoena if the requested supplemental statement with supporting documentation was not provided by September 9, 2024. Respondent was cautioned that failure to cooperate with the AGC would potentially lead to his interim suspension.
Upon receiving a September 20, 2024 email from an AGC investigator asking whether [*2]respondent would accept service of a judicial subpoena by email, respondent asked to be referred to a supervisor to make "a human rights abuse claim." The AGC advised respondent that he was obligated to cooperate with the AGC's investigation and provide a written and signed answer, which was long overdue.
The AGC was unable to personally serve respondent with the judicial subpoena. On November 15, 2024, this Court, pursuant to Judiciary Law § 90(6), granted the AGC's motion for substitute service and directed the judicial subpoena to be served on respondent by first class and certified mail to respondent's registered business address, email to his registered email address, and text message to his registered telephone number, in lieu of personal service. The AGC thereafter served respondent with a judicial subpoena directing him to appear for an examination under oath and produce specified documents regarding V.N.'s complaint and criminal case. That same day, respondent stated that the AGC would "hear from [his] counsel early next week."
Although respondent was informed of the date and time of his examination under oath, he failed to appear as directed. The AGC subsequently rescheduled the deposition for December 13, 2024. On the date of his deposition, respondent appeared pro se and claimed he was doing so "as a courtesy," notwithstanding the judicial subpoena directing his appearance. After respondent's request for a second adjournment was denied, he refused to answer any questions, conducted himself unprofessionally, and terminated the remote link. Following the deposition, respondent emailed the AGC and alleged constitutional violations that, in his view, the AGC was obligated to investigate. Respondent averred that a gag order issued by the Family Court implicated V.N. and thereby prevented him from addressing her complaint. He further asserted that "[a]ny other communication going forward from [Staff Counsel] personally will be considered harassment and intimidation." Thereafter, respondent did not appear for a deposition, nor did he comply with the AGC's investigative demands.
By motion dated January 2, 2025, the AGC seeks an order, pursuant to 22 NYCRR 1240.9(a)(1) and (3), immediately suspending respondent from the practice of law until further order of this Court. Its motion is predicated on respondent's failure to comply with the AGC's investigation, failure to appear for an examination under oath, and failure to produce specified documents as directed by judicial subpoena.
We find that the AGC has met its burden, and respondent should be immediately suspended pursuant to NYCRR 1240.9(a)(1) and (3). The record evidence established that respondent refused to appear for a deposition, failed to produce specified documents as directed by judicial subpoena, and failed to comply with the AGC's investigative demands (see Matter of Hooker, 229 AD3d 22 [1st Dept 2024]; Matter of Tessler, 215 AD3d 61 [1st Dept 2023]).
Accordingly, the AGC's motion [*3]should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR 1240.9(a)(1) and (3), is granted, and respondent, Lamon Darrell Bland, is suspended from the practice of law in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Lamon Darrell Bland, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Lamon Darrell Bland, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Lamon Darrell Bland, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith, and
It is further Ordered that, within 20 days of the date of service of this order, respondent Lamon Darrell Bland, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9[c]).
Entered: May 1, 2025